IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION


AARON DAVA HARRIS,
      Petitioner,

vs.                                  Case No.:  3:11cv471/RV/EMT

SECRETARY, DEP'T OF CORR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (doc. 1).  Respondent filed an answer and relevant portions of the state court record (doc. 37).  Petitioner filed a reply (doc. 40).

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After careful consideration of all issues raised by Petitioner, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that Petitioner is not entitled to relief.

I.      BACKGROUND AND PROCEDURAL HISTORY

The relevant aspects of the procedural background of this case are established by the state court record (*see* doc. 37).[1]  Petitioner was charged in the Circuit Court in and for Escambia County, Florida, Case No. 2008-CF-4429, with one count of attempted home invasion robbery with a firearm

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's answer (doc. 37).  If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

(Count 1), one count of possession of a firearm by a convicted felon (Count 2), and one count of misdemeanor criminal mischief (Count 3) (Ex. A).  Petitioner entered a "straight up" plea of nolo contendere to the charges, meaning there was no agreement with the State as to a recommended sentence (Ex. H at 18–22).  At the sentencing hearing on January 30, 2009, the prosecutor announced a nolle prosequi of Count 2, possession of a firearm by a convicted felon (*id.* at 13).  The court adjudicated Petitioner guilty on Counts 1 and 3 and sentenced him as a prison releasee re-offender to a minimum mandatory term of fifteen (15) years of imprisonment on Count 1, with pre-sentence jail credit of 153 days, to run concurrently with his federal sentence in United States v. Harris, Case No. 3:08cr99/LAC (N.D. Fla. Jan. 28, 2009) (Ex. H at 13–15, 24–30).  Petitioner did not appeal the judgment.

On November 19, 2009, Petitioner filed a motion for postconviction relief under Rule 3.850 of the Florida Rules of Criminal Procedure in the state circuit court (doc. 1 at 3; doc. 2 at 3; doc. 37, Ex. C at 1–13).  On February 11, 2010, the state circuit court re-characterized the motion as brought under Rule 3.800(a) of the Florida Rules of Criminal Procedure and summarily denied it (Ex. C at 14–16).  Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D10-1651 (Ex. D).  The First DCA affirmed the judgment per curiam without written opinion on May 19, 2010, with the mandate issuing June 15, 2010 (Exs. F, G).  Harris v. State, 36 So. 3d 659 (Fla. 1st DCA 2010) (Table).

On June 2, 2010, Petitioner filed another motion for postconviction relief under Rule 3.850 (*see* doc. 1 at 3; doc. 37, Ex. H at 1–6).  The state circuit court summarily denied it on June 22, 2010 (Ex. H at 7–8).  Petitioner appealed the decision to the First DCA, Case No. 1D10-3738 (*id.* at 45). The First DCA affirmed the judgment per curiam without written opinion on September 15, 2010, with the mandate issuing October 13, 2010 (Exs. I, J).  Harris v. State, 45 So. 3d 464 (Fla. 1st DCA 2010) (Table).

On October 7, 2010, Petitioner filed another Rule 3.850 motion (*see* doc. 1 at 3; doc. 37, Ex. K at 1–5).  On February 15, 2011, the state circuit court dismissed the motion as an abuse of procedure, pursuant to Rule 3.850(f), because the claims could have been raised in his previous Rule 3.850 motion (Ex. K at 58–60).  Petitioner appealed the decision to the First DCA, Case No. 1D11-1824 (Ex. K at 94–95, Ex. L).  The First DCA affirmed the judgment per curiam without written

opinion on July 21, 2011, with the mandate issuing September 28, 2011 (Exs. N, Q). <u>Harris v. State</u>, 68 So. 3d 902 (Fla. 1st DCA 2011) (Table).

Petitioner filed the instant federal habeas action on September 27, 2011 (doc. 1). Respondent concedes the petition appears to be timely (doc. 37 at 11). Respondent contends Petitioner failed to properly exhaust his claims in the state courts, and he is now procedurally barred from attempting to do so (*id.* at 11–25). Respondent additionally contends notwithstanding the failure to exhaust, the claims are without merit (*id.*).

## II.    EXHAUSTION AND PROCEDURAL DEFAULT

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[2] thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." <u>Duncan v. Henry</u>, 513 U.S. 364, 365, 115 S. Ct. 887, 888, 130 L. Ed. 2d 865 (1995) (quoting <u>Picard v. Connor</u>, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. <u>Duncan</u>, 513 U.S. at 365–66; <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); <u>Picard</u>, 404 U.S. at 277–78.

The Supreme Court has provided lower court with guidance for determining whether a habeas petitioner has met the "fair presentation" requirement. In <u>Picard v. Connor</u>, the Court held that, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which

---

[2] Section 2254 provides, in pertinent part:

(b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
      (A)  the applicant has exhausted the remedies available in the courts of the State; or
      (B) (i)  there is an absence of available State corrective process; or
          (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

entitle the petitioner to relief. 404 U.S. at 277. In announcing that "the substance of a federal habeas corpus claim must first be presented to the state courts," *id.*, 404 U.S. at 278, the Court rejected the contention in that case that the petitioner satisfied the exhaustion requirement by presenting the state courts only with the facts necessary to state a claim for relief.

Additionally, the Court has indicated that it is not enough that a petitioner make a general appeal to a constitutional guarantee as broad as due process to present the "substance" of such a claim to a state court. Anderson v. Harless, 459 U.S. 4, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982). In Anderson, the habeas petitioner was granted relief by the Sixth Circuit Court of Appeals on the ground that a jury instruction violated due process because it obviated the requirement that the prosecutor prove all the elements of the crime beyond a reasonable doubt. 459 U.S. at 7 (citing Sandstrom v. Montana, 442 U.S. 510, 99 S. Ct. 2450, 61 L. Ed. 2d 39 (1979)). The only manner in which the habeas petitioner cited federal authority was by referring to a state court decision in which "the defendant . . . asserted a broad federal due process right to jury instructions that properly explain state law." Anderson, 459 U.S. at 7 (internal quotation marks omitted). The Court expressed doubt that a defendant's citation to a state-court decision predicated solely on state law was sufficient to fairly apprise a reviewing court of a potential federal claim merely because the defendant in the cited case advanced a federal claim. *Id.*, 459 U.S. at 7 and n.3. Furthermore, the Court clarified that such a citation was obviously insufficient when the record satisfied the federal habeas court that the federal claim asserted in the cited case was not the same as the federal claim on which federal habeas relief was sought. *Id.*

Years later, the Supreme Court readdressed the "fair presentation" requirement in Duncan v. Henry, 513 U.S. 364. The Duncan Court strictly construed the exhaustion requirement so as to mandate that, if state and federal constitutional law overlap in their applicability to a petitioner's claim, the petitioner must raise his issue in terms of the applicable federal right in state court in order to obtain federal review of the issue.[3] The Supreme Court explained, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed

---

[3] The petitioner in Duncan raised a federal due process claim in his habeas petition, but had raised only a state constitutional claim in his state appeal. Presented with a state constitutional claim, the state court applied state law in resolving the appeal. 513 U.S. at 366.

by the Fourteenth Amendment, he must say so, not only in federal, but in state court." <u>Duncan</u>, 513 U.S. at 365–66. More recently, the Supreme Court again focused upon the requirement of "fair presentation," holding that "ordinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). In <u>Baldwin</u>, the Supreme Court recognized that "[a] litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief, for example, by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Id.*, 541 U.S. at 32. This language, while not part of the Court's holding, provides helpful instruction. With regard to this language, the Eleventh Circuit explained in <u>McNair v. Campbell</u>, 416 F.3d 1291 (11th Cir. 2005):

> If read in a vacuum, this dicta might be thought to create a low floor indeed for petitioners seeking to establish exhaustion. However, we agree with the district court that this language must be "applied with common sense and in light of the purpose underlying the exhaustion requirement[:] 'to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.'" <u>McNair</u> [<u>v. Campbell</u>], 315 F. Supp. 2d at 1184 (quoting <u>Vasquez v. Hillery</u>, 474 U.S. 254, 257, 106 S. Ct. 617, 620, 88 L. Ed. 2d 598 (1986)). This is consistent with settled law established by the Supreme Court. . . . We therefore hold that "'[t]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record.'"

416 F.3d at 1302-03 (citations omitted).[4]

The Eleventh Circuit, prior to <u>Duncan</u>, had broadly interpreted the "fair presentation" requirement. After <u>Duncan</u>, however, the Eleventh Circuit has taken a more narrow approach. For example, in <u>Zeigler v. Crosby</u>, the court held that the habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer

---

[4] In his initial brief before the Court of Criminal Appeals, McNair cited one federal case in a string citation containing other state cases, and in a closing paragraph in his argument that extraneous materials were considered by the jury during deliberations, stated that there was a violation of his rights "protected by the Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." <u>McNair v. Campbell</u>, 416 F.3d 1291, 1303 (11th Cir. 2005). The court found that these references to federal law were not sufficient to meet the fair presentment requirement and noted that it was important that the petitioner had never mentioned the federal standards regarding extraneous materials in his brief, but relied on state law for his arguments. *Id.*

to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the United States Constitution. 345 F.3d 1300, 1307 (11th Cir. 2003). The Eleventh Circuit specifically noted that the section of the petitioner's appellate brief which dealt with juror misconduct contained the words: "Appellant was denied due process and a fair trial. . . .," which could be interpreted as asserting a fair trial claim under the Due Process Clause of the Florida Constitution. *Id.* at 1308 n.5. The only cases cited in the discussion of the issue in petitioner's state appellate brief were state supreme court cases that made no mention of the United States Constitution and cited no federal cases. The court concluded that petitioner's "[c]ursory and conclusional sentence (unaccompanied by citations to federal law), . . . did not present to the Florida courts the federal claim asserted to us." *Id.*

An issue that was not properly presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, that is, procedurally barred from federal review. *See* O'Sullivan, 526 U.S. at 839–40, 848; Bailey v. Nagle, 172 F.3d 1299, 1302–03 (11th Cir. 1999). This court will also consider a claim procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *See* Coleman v. Thompson, 501 U.S. 722, 734–35 and n.1, 111 S. Ct. 2546, 2555 and n.1, 115 L. Ed. 2d 640 (1991); Caniff v. Moore, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); Chambers v. Thompson, 150 F.3d 1324, 1326–27 (11th Cir. 1998) (applicable state procedural bar should be enforced by federal court even as to a claim which has never been presented to a state court); *accord* Tower v. Phillips, 7 F.3d 206, 210 (11th Cir. 1993); Parker v. Dugger, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L. Ed. 2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303. In the second instance, a federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See* Harris v. Reed, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. Lee v. Kemna, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement

has been interpreted to mean that the rule must be "firmly established and regularly followed," Siebert v. Allen, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," Judd v. Haley, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner.  Ford v. Georgia, 498 U.S. 411, 424–25, 111 S. Ct. 850, 858, 112 L. Ed. 2d 935 (1991); Upshaw v. Singletary, 70 F.3d 576, 579 (11th Cir. 1995).

The Eleventh Circuit has set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision.  Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001).  First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim.[5]  Second, the state court's decision on the procedural issue must rest entirely on state law grounds and not be intertwined with an interpretation of federal law.  Third, the state procedural rule must be adequate. Id.  The adequacy requirement has been interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion.  Id.

To overcome a procedural default such that the federal habeas court may consider the merits of a claim, the petitioner must show cause for the default and prejudice resulting therefrom or a fundamental miscarriage of justice.  Tower, 7 F.3d at 210; Parker, 876 F.2d 1470.  "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented petitioner from raising the claim."  McCleskey v. Zant, 499 U.S. 467, 497, 111 S. Ct. 1454, 1472, 113 L. Ed. 2d 517 (1991) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S. Ct. 2639, 2645, 91 L. Ed. 2d 397 (1986)).  To satisfy the miscarriage of justice exception, the petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him."  Schlup, 513 U.S. at 327.  Further:

---

[5] The federal court should honor the procedural bar even if the state court alternatively reviewed the claim on the merits.  Marek v. Singletary, 62 F.3d 1295, 1302 (11th Cir. 1995); Alderman v. Zant, 22 F.3d 1541 (11th Cir. 1994).

a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.

*Id.*

Within this framework, the court will review Petitioner's claims.

III. PETITIONER'S CLAIMS

Ground One: "Involuntary plea based on misadvice of counsel on how sentence would be structured."

Ground Two: "Counsel had induced Defendant to plead nolo contendere based upon the State saying they would reclassify charge as a 1st degree and opt for 30 years instead of 15 that was in the plea deal caused [sic] plea to be entered by force or threat."

Ground Three: "The Court had failed to determine the voluntariness of the plea in open court."

Petitioner states he was serving a term of conditional release supervision at the time he committed the offenses in Case No. 2008-CF-4429 (the judgment at issue in the instant case) (doc. 2 at 2). He states he was also charged in federal court, Case No 3:08cr99/LAC, in relation to the conduct underlying Case No. 2008-CF-4429 (*id.*).[6] Petitioner states he entered pleas in Case No. 2008-CF-4429 and his federal case upon defense counsel's advising him that all of his state sentences would run concurrently with his federal sentence (*id.* at 2, 14). Petitioner states his federal and state court-appointed attorneys advised him prior to his pleas in both cases that any potential sentence for violating his conditional release would also run concurrently with his sentence in Case No. 2008-CF-4429 and his federal sentence (*id.* at 2). Petitioner states he entered his plea in Case No. 2008-CF-4429 on January 16, 2009, and was subsequently sentenced to 15 years, to run concurrently with his federal sentence (*id.*). He states upon his return to prison, he learned that the Department of Corrections ("DOC") ran his conditional release sentence of nine (9) years

---

[6] In Case No. 3:08cr99/LAC, Petitioner was charged with possession of a firearm by a convicted felon. United States v. Harris, Case No. 3:08cr99/LAC, Indictment (N.D. Fla. Oct. 21, 2008). The state prosecutor in the instant state case dismissed Count 2 (possession of a firearm by a convicted felony) in light of Petitioner's federal prosecution on that charge (*see* Ex. C at 24, 29).

consecutively to his sentence in Case No. 2008-CF-4429 (*id.*). He alleges if he had been aware that he would have had to serve a total term of 24 years (15 + 9) instead of 15 years, he would not have entered a plea and would have insisted on going to trial (*id.* at 2, 14–17). Petitioner further contends his plea was involuntary due to defense counsel's threat that if he did not enter a plea, the State would reclassify Count 1 as a first degree felony instead of a second degree felony, and he would face a maximum sentence of 30 years instead of 15 years (doc. 1 at 3; doc. 2 at 14–17). He additionally contends the state trial court failed to inquire as to whether his plea was knowingly and voluntarily entered prior to accepting it (doc. 1 at 4; doc. 2 at 12–14, 17).

Petitioner contends he exhausted his claims in his Rule 3.850 motion filed in March of 2010, but the state courts failed to review the merits of his claims and instead ruled the motion was successive (doc. 1 at 3–4; doc. 2 at 10–11). Petitioner argues he did not discover that counsel misadvised him about his sentence structure until after the court denied his first two postconviction motions, when he discovered that the trial court "had no knowledge of a concurrent sentence of 90-CF-1155 and 90-CF-1156, . . . or even how the judge would sentence him" (doc. 2 at 14).

Respondent argues Petitioner's claims mirror the claims he raised in his third motion for postconviction relief, which the trial court dismissed as an abuse of process because of its successive nature (doc. 37 at 11, 17, 22). Respondent contends Petitioner's procedurally defaulting the claims in state court bars him from presenting them in a federal habeas proceeding (*id.* at 12–13, 17–18, 23–24). Respondent contends Petitioner failed to satisfy the "cause and prejudice" exception to the procedural bar (*id.* at 14–15, 18–20, 24–25). Therefore, he is not entitled to federal review of his claims.

In Petitioner's reply, he argues "governmental interference rendered procedural compliance impracticable" (doc. 40 at 7). In a very confusing argument, he contends:

> Because the court had treated his first 3.850 motion as a 3.800(a), and the second as a 3.850, when both had the same argument (see State's response at Ex. H at 8), and where second 3.850 denial was only referenced to the 3.800(a) claim and denial, it was addressed from an unprocedural [sic] motion. Therefore, the merits could not be legally addressed in that forume [sic]. Therefore, the 3rd postconviction motion had procedurally become the first meritorious motion arguing a legal claim.

(doc. 40 at 7).

The state court record demonstrates Petitioner first raised the three claims presented here in his third postconviction motion filed October 7, 2010 (Ex. K at 3–4, 6–12).[7] The state circuit court adjudicated the claims as follows:

> In the instant motion, Defendant asserts that he "accepted a plea offer that stipulated during the plea colloquy that all of his state sentences would run concurrently with his federal sentence." Defendant also states that his counsel "on his plea for his federal sentence advised him that his federal sentence would run concurrent to his state sentences that would be imposed," and that "both state and federal trial counsel advised him prior to his plea in private communication that any further revocation of his conditional release sentence would also run concurrent with the sentences for which he accepted the plea offer." Defendant argues that it was not until his return to the Department of Corrections that he learned that his sentence for violation of conditional release would be run consecutively to the sentence in the instant case, and that had he "known that he would have to serve twenty four years instead of fifteen years as he was misadvised, he would have rejected the plea offer." In his memorandum of law, Defendant also asserts that the Court "failed to inquire pursuant to Fla. R. Crim. P. 3.172(c), if Defendant's plea was entered with a full understanding of the consequences of the plea and if it was voluntarily entered absent any promises or coercion by counsel to accept the plea." Lastly, Defendant asserts in his memorandum that his counsel incorrectly informed his that he could be charged with a first degree felony if he did not accept the 15-year plea offer to the second degree felony charged by the State.

> Defendant has previously filed a motion for postconviction relief raising similar claims. The previous motion was denied on the merits on June 22, 2010,[FN 2] and the Court's order was affirmed on appeal by mandate and opinion of the First District Court of Appeal issued on October 13, 2010. Defendant has shown no reason why the claims raised in the instant motion could not have been raised in his previous motion for postconviction relief.[FN 3] Consequently, the Court finds the

---

[7] The undersigned rejects Petitioner's suggestion that the claims he raised in his third postconviction motion were the same claims he raised in his first and second postconviction motions. In Petitioner's first postconviction motion, filed November 19, 2009, Petitioner did not allege he received ineffective assistance of counsel during the plea process; nor did he argue that the trial court erred by failing to determine whether his plea was knowingly and voluntarily entered (Ex. C at 1–5). Petitioner argued only that the trial court in Case No. 2008-CF-4429 should have determined whether his sentence on the revocation of conditional release was to run concurrently or consecutively to the sentence in Case No. 2008-CF-4429, and that the court abused its discretion by allowing the DOC to determine whether the revocation sentence would run concurrently or consecutively (*id.*).

Likewise, in Petitioner's second postconviction motion, filed June 2, 2010, Petitioner did not allege that he received ineffective assistance of counsel during the plea process; nor did he argue that the trial court erred by failing to determine whether his plea was knowingly and voluntarily entered (Ex. H at 1–6). Petitioner argued only that he was entitled to specific performance of the plea agreement, namely, that all of his state sentences run concurrently (*id.*).

instant motion to be an abuse of procedure pursuant to [R]ule 3.850(f), and holds that it should be dismissed with prejudice.

> [FN 2 <u>See</u> Attachment 2, motion, and Attachment 3, ["]Order Denying Motion for Post-Conviction Relief" (without attachments).]

> [FN 3  Indeed, this is the third time Defendant has attempted to challenge his plea and sentences.   His first motion for postconviction relief, filed November 23, 2009, was treated by the Court as filed pursuant to Florida Rule of Criminal Procedure 3.800(a), and denied on February 11, 2010.  <u>See</u> Attachment 4, "Order Denying Defendant's 'Motion for Postconviction Relief,' which the Court treats as a Motion Pursuant to Florida Rule of Criminal Procedure 3.800(a)" (without attachments).]

(Ex. K at 58–60).

As previously discussed, a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.  *See* <u>Coleman</u>, 501 U.S. at 747–48; <u>Sykes</u>, 433 U.S. at 84–85.  A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a non-federal ground adequate to support the judgment and the rule is firmly established and consistently followed.  *See, e.g.*, <u>Walker v. Martin</u>, — U.S. —, 131 S. Ct. 1120, 1127–28, 179 L. Ed. 2d 62 (2011); <u>Beard v. Kindler</u>, 558 U.S. —, —, 130 S. Ct. 612, 617–18, 175 L. Ed. 2d 417 (2009).  Florida's procedural bar on successive Rule 3.850 motions is an independent state ground, and it is firmly established and regularly followed by the Florida courts.  *See* Fla. R. Crim. P. 3.850(f); <u>Christopher v. State</u>, 489 So. 2d 22, 24 (Fla. 1986); <u>Frazier v. State</u>, 898 So. 2d 1183, 1183–84 (Fla. 3d DCA 2005) (barring as successive claims that could have and should have been made in previous postconviction motion); <u>Washington v. State</u>, 876 So. 2d 1233, 1234 (Fla. 5th DCA 2004) (same); *see also, e.g.*, <u>Barnes v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:09cv360/MCR/EMT, 2011 WL 5855080 (N.D. Fla. Oct. 27, 2011) (unpublished) (Florida's rule prohibiting successive Rule 3.850 motions is independent and adequate state procedural rule), *Report and Recommendation Adopted by*, 2011 WL 5855072 (N.D. Fla. Nov. 22, 2011); <u>Lee v. Buss</u>, No. 3:09cv83/RV/EMT, 2011 WL 2784598, at *17 (N.D Fla. June 28, 2011) (unpublished) (same), *Report and Recommendation Adopted by*, 2011 WL 2746320 (N.D. Fla. July

14, 2011).  Therefore, Petitioner is not entitled to federal review of his claims unless he satisfies the "cause and prejudice" exception to the procedural bar or demonstrates that another exception applies.

Petitioner has not shown that an external impediment prevented him from raising his claims in his second postconviction motion (Petitioner's second postconviction motion, filed June 2, 2010, was his first Rule 3.850 motion because the state court recharacterized his first postconviction motion as brought under Rule 3.800(a)).  Further, the factual basis for his claims was reasonably available when he filed the second postconviction motion.  By that time, Petitioner was well aware that the DOC had determined that his revocation sentence would run consecutively to his sentence in Case No. 2008-CF-4429.  He was also well aware of the advice he was given by counsel during the plea process, and the degree of the trial court's inquiry upon acceptance of the plea.  Therefore, he has failed to show cause for his failure to raise his claims in his second postconviction motion (his first Rule 3.850 motion).  Moreover, Petitioner has not alleged the existence of new reliable evidence showing he is actually innocent of the attempted home invasion robbery with a firearm. Therefore, he failed to demonstrate he is entitled to federal review of his claims.

IV.    CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  Rule 11(b), Rules Governing Section 2254 Cases.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84, 120 S. Ct. 1595, 1603–04, 146 L. Ed. 2d 542 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the undersigned recommends that the district court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1.       That the petition for writ of habeas corpus (doc. 1) be **DENIED**.

2.       That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 5th day of November 2012.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

       Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).